**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF COLUMBIA**

_____
                                                    )
Los Alamos Study Group                )         CIV # 22-935
2901 Summit Pl NE                        )
Albuquerque, NM 87106                 )
                                                    )
        Plaintiff,                             )         **COMPLAINT FOR**
v.                                                )         **DECLARATORY AND**
                                                    )         **INJUNCTIVE RELIEF**
                                                    )
National Nuclear Security Administration    )
1000 Independence Ave., S.W.          )
Washington, DC 20585                    )
                                                    )
        Defendant.                          )
_____)

## INTRODUCTION

1.      Defendant National Nuclear Security Administration ("NNSA" or "Agency") has

violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") by unlawfully failing to

timely issue determinations in response to 14 written request for agency records submitted to

NNSA by Plaintiff, Los Alamos Study Group ("Plaintiff") identifying 65 specifically-described

agency records, including, but not limited to agency records involving NNSA's ongoing plans to

build and operate a multi-billion dollar plutonium pit production facility at the Los Alamos

National Laboratory ("LANL") in New Mexico and plans to construct a new facility at the

Savannah River Site ("SRS") in South Carolina.

2.       Plutonium pits are the fissile cores of atomic bombs, which are used as the first

explosive stage in modern nuclear weapons.  Every U.S. nuclear weapon contains one pit.  The

NNSA website, energy.gov/nnsa/plutonium-pit-production, provides NNSA's public-facing

description of its plans to expand and re-start LANL's plutonium pit production capacity, which

is currently in hiatus.  NNSA plans to build a new production pit production facility at Savannah

River Site. Pit production is the largest project in the history of NNSA, expected to cost tens of

billions of dollars.  The information in the requested agency records contradicts information NNSA has provided to elected officials at the local, state, and federal levels.  The information in the requested agency records contradict the information provided by NNSA's website.

3.      NNSA has a policy, pattern, and/or practice of violating FOIA duties in a manner that shields its activities and multi-billion-dollar plans from public scrutiny and Congressional oversight.  The FOIA requests also seek prompt access to agency evaluations of contractor performance for the contractors that run NNSA's main nuclear weapons sites.

4.      NNSA also violated FOIA by failing to issue and update estimated dates of completion for each request, by failing to conduct an adequate search for responsive records, and by unlawfully withholding responsive records.  This lawsuit requests an order setting out a statutory or equitable remedy based on findings that NNSA has a policy, pattern, and/or practice of violating FOIA, and directing NNSA to provide Plaintiff with the 65 agency records it has requested within 14 days or any such order.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action, including the power "to enjoin [NNSA] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

6.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform an official duty).

7.      Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

8.      Venue is also appropriate under 28 U.S.C. § 1391 because Defendant is an agency of the United States with its National Offices located in Washington, D.C. and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

9.      This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

10.      This Court retains all equitable powers to remedy FOIA violations through claims that are cognizable under *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("FOIA imposes no limits on courts' equitable powers in enforcing its terms.").

11.      This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

12.      In addition to jurisdiction to compel agency FOIA compliance and to compel release of agency records withheld due to FOIA violations, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct involving potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

13.       "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

14.      All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

**PARTIES**

15.     Plaintiff LOS ALAMOS STUDY GOUP, founded in 1989 and incorporated in 1996, is an IRS-recognized 501(c)(3) non-profit organization based in Albuquerque, New Mexico with members distributed throughout the United States.  Plaintiff's organizational mission includes nuclear disarmament, environmental protection, social justice, and economic sustainability. Plaintiff's organizational mission involves making policy analysis and education regarding nuclear weapons policies and institutions, especially LANL, available to its members, the public, federal agencies, Members of Congress, and journalists. Plaintiff aims to ensure that the public interest is represented in NNSA's activities and policy decisions.

16.     Plaintiff uses, and has definite plans to continue using, information gained through FOIA requests to monitor the activities of NNSA and other federal agencies to meet its organizational mission, which includes disseminating information, ensuring NNSA compliance with applicable laws and regulations, and providing analysis to ensure that the public interest is represented in NNSA's programs.  Plaintiff analyzes and disseminates information gained through FOIA requests to help ensure Congress is fully informed regarding NNSA programs. Information provided by agency records sought by each FOIA Request addressed in this lawsuit is an important element of Plaintiff's programs that disseminate information, in both raw form and after applying staff and members' expertise and analysis. Las Alamos Study Group's website (https://www.lasg.org/) provides an accurate overview of ongoing activities supported by information gained through FOIA requests.

17.     Plaintiff regularly communicates with government officials, including via the submission of FOIA requests, to timely obtain information about LANL, Savannah River Site, and other NNSA nuclear facilities to find waste, fraud, and abuse of public funds, and to ascertain benefits and detriments to public health, cumulative impacts on ecological

communities, and conservation objectives of proposals.  Plaintiff uses information accessed via

FOIA requests to keep its staff, members, supporters, elected officials, Congress, and other

government officials informed regarding NNSA's activities.  Prompt access to information in

agency records is critical to Plaintiff's ability to meaningfully review and comment on proposals

and ongoing NNSA activities throughout various governmental processes, including

Congressional oversight.

18.     Plaintiff and its members derive benefits from agencies' compliance with FOIA

and from its receipt of public records. Los Alamos Study Group is strictly nonpartisan and

factual and anchors policy details in a broad historical and technical perspective.  Plaintiff has

technical, legal, and public education experience as well as strong academic and work histories

in science, engineering, law, and organizing. Plaintiff draws on a wide range of other experts, as

needed, to analyze and disseminate information in agency records. Agency records are often the

source of information sought by news media who have quoted Plaintiff in thousands of

newspaper articles and interviewed on hundreds of radio and TV programs.  Plaintiff's analyses

of U.S. nuclear weapon modernization have made significant contributions to Nuclear

Nonproliferation Treaty review and preparatory conferences and other international fora since

the 1990s. Plaintiff's staff and members were significant participants at and between all

international fora leading to the successful creation of the Treaty on the Prohibition of Nuclear

Weapons.  Plaintiff's staff included a Research Fellow in the Princeton Program on Science and

Global Security ("PSGS") in 2002 and in 2017-2020 PSGS contracted with Plaintiff to produce

articles for the International Panel on Fissile Materials blog as well as congressional workshops

on plutonium warhead core ("pit") production.

19.     Plaintiff's FOIA requests involve NNSA officials' public testimony to Congress

on NNSA plans to increase the production of nuclear weapons at various sites within NNSA's

nuclear weapons complex, hiring thousands of new workers, expanding old facilities, repurposing or building new facilities, the need to have these facilities running 24/7 to meet their proposed goals, and the tens of billions of dollars NNSA estimates all of this will cost.  NNSA has yet to release many of the main planning documents, official studies, or reports required for Plaintiff to conduct policy analysis, assess NNSA's testimony, participate in comment opportunities required by federal law, or otherwise monitor NNSA activities.

20.     Plaintiff uses information in agency records to lead dozens of public workshops on energy and climate policy and related economic issues. Plaintiff intends to continue using FOIA to provide information required to further leverage public knowledge, government access, and media relationships in energy, climate, and nuclear-related issues.

21.      Plaintiff has been closely monitoring LANL and the nuclear weapons complex since 1989, when the DOE began a series of public hearings outlining their plans for new nuclear weapons factories at LANL and elsewhere.  At these hearings and from other public sources it became clear that the DOE was planning on replicating the mission of plutonium pit production at LANL which had shuttered the highly contaminated Rocky Flats Plant in Colorado in 1989.

22.     Plaintiff has definite plans to submit future FOIA requests to NNSA to inform a principled and broadly-informed mission, which is more important than ever as our society attempts to navigate through unprecedented political, economic, environmental, and social upheaval, including the current pandemic and the war in Eastern Europe.  These events challenge the ability of Congress and other government agencies to provide needed oversight and increase the need for timely access to information in agency records. Plaintiff began with a mission of assisting in the reordering of nuclear weapons policy after the Cold War. Los Alamos Study Group plans to continue using information in public records to address a peaceful end to an emergent new Cold War in the context of preserving human society and a living planet.

23.     Since 2008, Plaintiff has submitted more than 130 written FOIA requests to

NNSA and other agencies, seeking access to agency records related to the organization's

mission. From 2008 until 2017, NNSA was somewhat responsive to requests identifying specific

documents Los Alamos Study Group had learned of through various means, including other

agency records. Denials were made in writing and specified FOIA Exemptions that were applied

to withhold information. Beginning in 2017, most of Plaintiff's FOIA requests were denied by

NNSA inaction, without formal determinations or advising Plaintiff of any appeal rights.

24.     Plaintiff has a particular interest in FOIA's right to promptly access requested

agency records. Without timely access to these documents, Plaintiff and the public cannot

meaningfully engage public discussions with NNSA, elected officials, the public, or others with

an interest in this subject matter.  The partially-disclosed NNSA plans to replace the Rocky Flats

facility with facilities at LANL and Savannah River Site involve dramatic regional and national

impacts that will permanently alter both regions and the United States.

25.     Plaintiff has requested, and has definite plans to continue to request, agency

records created or obtained by NNSA.  NNSA has engaged in a pattern of inaction that denies

Plaintiff's statutory right to prompt access to agency records that are not subject to a FOIA

exemption.  This pattern is based on agency policies and practices that encourage NNSA

personnel to withhold information regarding NNSA activities until after the information is no

longer current or useful. NNSA has unlawfully denied Plaintiff's FOIA right of prompt access to

agency records on multiple occasions. Without judicial relief, NNSA will continue to violate

Plaintiff's FOIA right of prompt access.

26.     Defendant NATIONAL NUCLEAR SECURITY ADMINISTRATION

("NNSA") is a federal agency within the United States Department of Energy. Defendant is in

possession and control of the records that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). NNSA is responsible for fulfilling each of Plaintiff's FOIA requests.

27.     The interests and organizational purposes of Plaintiff are directly and irreparably injured by NNSAs violations of law as described in this complaint.

28.     Defendant's actions and inactions violate FOIA and deny Plaintiff's timely access to information to which Plaintiff is entitled by law, thereby preventing Plaintiff from fulfilling its organizational mission and objectives.  Defendant's actions and inactions prevent Plaintiff from meaningfully informing its members, supporters, government officials, and the general public regarding NNSA activities and proposals.

29.     Defendant has adopted patterns, practices, and/or policies that have injured, and will continue to injure, Plaintiff's interest in timely access to public information in agency records to which Plaintiff is entitled by law.

## STATUTORY FRAMEWORK

30.     FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (6)(A).

31.     Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

32.     Failure to provide the FOIA requester with a timely determination in response to a FOIA request is a violation of FOIA. 5 U.S.C. § 552 (a)(6)(A) (using "shall" to set out FOIA duties).

33.     FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

34.     FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant agency records.  5 U.S.C. §§552(a)(3)(C-D) An agency must consider leads and other positive indications identified during the search that suggest other records might be located outside the scope of its original search.  Federal courts measure FOIA compliance by the information known at the completion of the agency search(es).

35.     In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, so long as the information fits within nine categories of exemptions. 5 U.S.C. § 552(b).  These exemptions are narrowly construed in light of FOIA's dominant objective of disclosure.

36.     Under FOIA, federal agencies bear the burden of proving that withholding of information in responsive agency records is proper. 5 U.S.C. § 552(a)(4)(B).

37.     In 2016, Congress responded to concerns that agencies overuse these exemptions by imposing upon all agencies an additional, independent, and meaningful burden that now requires an agency showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific Exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

38.     FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

39.     When an agency fails to make a determination on a FOIA request within the statutory timeframe, it has constructively denied the request.  Requestors are then deemed to have exhausted any administrative remedies and may seek judicial relief. 5 U.S.C. §

552(a)(6)(C)(i). A FOIA requester may seek injunctive and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

40.     If an agency determines that it will deny a FOIA request in whole or in part, the requester is entitled to administratively appeal the written determination. 5 U.S.C. § 552(a)(6)(A)(ii).

41.     NNSA does not have its own FOIA regulations, and is subject to the United States Department of Energy's FOIA regulations 10 C.F.R. Part 1004. NNSA FOIA processing involves NNSA's General Counsel, as provided by the National Nuclear Security Administration Act, 50 U.S.C. 2407. The NNSA General Counsel is not a Secretarial Officer.

42.     FOIA requires agencies to make a written determination with respect to an appeal within 20 working days after the receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).  On appeal, if the agency upholds the denial of the request for records in whole or in part, the agency "shall notify the person making such request of the provisions for judicial review of that determination." *Id*.  If the agency fails to make a determination on the appeal within 20 days, all administrative remedies are deemed constructively exhausted, and a requestor may seek *de novo* judicial review of the agency's FOIA compliance. 5 U.S.C. 552(a)(6)(C)(i).

43.     Pursuant to FOIA, this Court may assess attorney fees and litigation costs against Defendant if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

44.     FOIA provides statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct and policies based on potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

45.　　"In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

46.　　In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with FOIA's mandate that, with some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

47.　　FOIA requires that "on or before February 1 of each year, each agency shall submit to the Attorney General of the United States and to the Director of the Office of Government Information Services a report" detailing the agency's previous fiscal year's FOIA activities. 5 U.S.C. § 552 (e).

48.　　Equitable relief is appropriate to direct a habitually noncompliant agency to comply with the agency's FOIA duties.

## STATEMENT OF FACTS

49.　　Plaintiff regularly uses FOIA requests to gain access to specifically-described NNSA agency records. This case involves FOIA requests for specifically-described agency records.　Many of Plaintiff's other pending FOIA requests describe categories of NNSA agency records and require NNSA to search for records, but are not addressed by the present lawsuit. Plaintiff has definite plans to continue using FOIA to gain access to NNSA agency records.

50.　　Since 2008, Plaintiff submitted more than 93 written FOIA requests to NNSA. More than 37 FOIA requests are still pending a NNSA determination. Each request sought access to information in agency records related to Plaintiff's mission. From 2008 until 2017, NNSA was generally responsive to Plaintiff's requests that identified specific agency records. Because the subject matter involves nuclear weapons, NNSA sometimes has a basis to withhold

information.  Until 2017, denials and withholding decisions were generally made in writing via

FOIA determinations that specified FOIA Exemptions that were applied to withhold information.

51.    Beginning in 2017, most of Plaintiff's FOIA requests were constructively denied

by NNSA inaction.  In approximately 2017, NNSA began denying access without first gathering

the agency records, without making withholding decisions, and without advising Plaintiff of any

appeal rights.

52.    Beginning in 2017, NNSA began withholding agency records responsive to the

FOIA requests containing information on cost overruns, delays, and site expansion plans that

involve matters of great public interest.  NNSA's FOIA violations conceal details of ongoing

NNSA plans to build and operate one or more multi-billion-dollar plutonium pit production

facilities.  The withheld agency records contradict information NNSA provides to the public,

elected officials, and others who monitor and analyze NNSA activities.

53.    In 2017, and continuing through the date of this filing, NNSA has been largely

unresponsive to Plaintiff's FOIA requests. Plaintiff's access to information has been sharply

curtailed in recent years, preventing Plaintiff from carrying out its organizational mission.

NNSA's FOIA violations shield NNSA activities from public scrutiny.

54.    The circumstances surrounding NNSA's FOIA program involve potentially

deliberate, arbitrary, and/or capricious conduct by NNSA officials seeking to conceal

controversial agency activities. It is reasonable to infer the delays are part of an NNSA practice

or policy of delaying FOIA access to shield cost overruns, environmental impacts, and other

public information regarding plutonium pit production.

55.    In 2020, NNSA started referencing COVID-19 as the reason for delays in

producing specifically-identified agency records.  The FOIA requests in this lawsuit do not

require NNSA to conduct extensive searches.  A small amount of delay may have been

attributable to the COVID-19 pandemic, particularly in early 2020.  NNSA continued its program activities and generated agency records throughout the pandemic. Despite the challenges imposed by COVID-19 related restrictions, NNSA recently stated that the agency has not missed any major deliverables or milestones in its non-FOIA programs. NNSA has not missed any deliverables to its Department of Defense partners and customers during the COVID-19 pandemic. The circumstances surrounding NNSA's continuing assertions of pandemic-related delays in its FOIA program involve potentially deliberate, arbitrary and/or capricious conduct by NNSA officials seeking to conceal controversial agency activities.

56.    The Department of Energy publishes an Annual Freedom of Information Act Report (Annual FOIA Report) covering fiscal years that run from October 1 through September 30, as required by 5 U.S.C. 552.  The Department of Energy publishes its Annual FOIA Reports at https://www.energy.gov/management/foia-annual-reports . The Annual FOIA Reports specify the number of days it takes NNSA to respond to simple FOIA requests.  The Annual FOIA Reports filed since 2017 confirm that NNSA rarely meets FOIA's 20-working day deadlines for simple FOIA requests.  A simple FOIA request includes FOIA requests that specify a particular agency record.  The FOIA requests addressed by this lawsuit are simple FOIA requests.

57.    The Fiscal Year 2020 Annual FOIA Report confirms that NNSA had a backlog of 181 unprocessed requests in Fiscal Year 2019 and 178 unprocessed requests in Fiscal Year 2020. The Fiscal Year 2020 Annual FOIA Report confirms that NNSA's ten oldest pending perfected requests were received by NNSA between December 11, 2013 and January 8, 2016.  As of the Fiscal Year 2020 Annual FOIA Report, NNSA has not made significant progress in reducing its FOIA backlog.  In Fiscal Year 2016, NNSA had a backlog of 131 FOIA Requests. In Fiscal Year 2017, NNSA had a backlog of 130 FOIA requests.  In FY 2018, NNSA had a backlog of 154 unprocessed FOIA requests.  NNSA's backlog of unprocessed requests has increased since 2017.

58.     NNSA's FOIA program lacks the staffing required to meet FOIA duties. The

Fiscal Year 2020 Annual FOIA Report confirms that NNSA employed the equivalent of 10 full-

time FOIA Staff.  In Fiscal Year 2019, NNSA employed the equivalent of 5.5 full-time FOIA

Staff.  In Fiscal Year 2016, NNSA employed the equivalent of 11 full-time FOIA staff.  NNSA

receives approximately 250 FOIA requests per year – about one per working day.  NNSA

knowingly understaffs its FOIA program. NNSA understaffs its FOIA program as a means to

avoid public scrutiny.

59.     Plaintiff seeks an order compelling NNSA to produce each specifically described

agency record to remedy each FOIA claim that addresses a simple FOIA request.  Plaintiff also

provides an overarching FOIA claim that seeks to ensure NNSA has met its FOIA duties for each

FOIA request.  Finally, Plaintiff provides an equitable claim that seeks to remedy NNSA's

patterns, practices, and/or policies that deny Plaintiff's right, under FOIA, to promptly access

agency records.

### CLAIM ONE
### February 11, 2022 FOIA Request NNSA 22-00117-LB
### Performance Evaluation Reports for 2019, 2020, 2021

60.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

61.     On February 11, 2022, Plaintiff submitted its written FOIA Request to NNSA

seeking 42 specific agency records by providing the following description:

1) The complete Fiscal Years (FYs) 2019, 2020, and 2021 Performance Evaluation
Reports (PERs), which are much more complete reports than the Performance Evaluation
Summaries (PESs) which were released for FY 2021 recently, for the contractors of the
DOE/NNSA sites listed below:[a] Kansas City National Security Campus, [b] Lawrence
Livermore National Laboratory,[c] Los Alamos National Laboratory, [d]Nevada National
Security Site,[e] Pantex Nuclear Weapons Plant, Sandia National Laboratories,
[f] Savannah River Site, and the [g]Y-12 National Security Complex, and also the

2) Fee determination letters associated with each of the sites listed above for FYs 2019,
2020, and 2021.

62.     On February 17, 2022, NNSA confirmed receipt of the FOIA Request and assigned a tracking number of NNSA 22-00117-LB.  NNSA denied the request for expedited processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not respond to the FOIA request within 20 working days.

63.     The statutory deadline for NNSA to provide a response to FOIA Request NNSA 22-00117-LB was March 14, 2022.

64.     The statutory deadline for NNSA to respond to Plaintiff's FOIA Request passed on March 14, 2022 without NNSA providing a determination on the FOIA Request NNSA 22-00117-LB.

65.     As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with a determination or any agency records responsive to FOIA Request NNSA 22-00117-LB.

66.     NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

67.     All administrative remedies with respect to claims related to FOIA Request NNSA 22-00117-LB have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

68.     This claim can be remedied by an order compelling immediate release of each agency record described by FOIA Request NNSA 22-00117-LB.

69.     The failure to respond to FOIA Request NNSA 22-00117-LB is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

15

**CLAIM TWO**
**February 7, 2022 FOIA Request NNSA 22-00111-M**
**Safety Evaluation and Continued Operations Justification - July Overflow Event**

70.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

71.     On February 7, 2022, Plaintiff submitted its written FOIA Request to NNSA

seeking two agency records by providing the following description:

> 1) The ESS/JCO mentioned in a quote below from the Defense Nuclear Facilities
> Safety Board's (DNFSB's) resident inspector's weekly site report for Los Alamos
> National Laboratory (LANL), dated November 19, 2021: "Triad submitted to the
> NNSA Field Office for approval the Evaluation of the Safety of the Situation and
> Justification for Continued Operations (ESS/JCO) pertaining to the potential
> inadequacy of the safety analysis and positive unreviewed safety question that
> stemmed from the July overflow event (see 8/6/2021 report). The submittal
> includes an extent of condition evaluation to determine what other systems could
> pose a risk of an overflow event. Operational restrictions on these systems remain
> in place and are elevated to TSR-level through the proposed ESS/JCO." and the
>
> 2) NNSA Los Alamos Field Office's formal response, including the NNSA's
> numerous review comments, to Triad's above submittal directing them to resubmit
> the document. See the DNFSB's resident inspector's weekly site report for LANL,
> dated January 14, 2022.

72.     On February 10, 2022, NNSA confirmed receipt of the FOIA Request and

assigned a tracking number of NNSA 22-00111-M.  NNSA denied the request for expedited

processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not

respond to the FOIA request within 20 working days.

73.     The statutory deadline for NNSA to provide a response to FOIA Request NNSA

22-00111-M was March 7, 2022.

74.     The statutory deadline for NNSA to respond to Plaintiff's FOIA request passed on

March 7, 2022 without NNSA providing a determination on the FOIA Request NNSA 22-00111-

M.

75.     As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA 22-00111-M.

76.     NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

77.     All administrative remedies with respect to claims related to FOIA Request NNSA 22-00111-M have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

78.     This claim can be remedied by an order compelling immediate release of the agency records described by FOIA Request NNSA 22-00111-M.

79.     The failure to respond to FOIA Request NNSA 22-00111-M is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

**CLAIM THREE**
**January 4, 2022 FOIA Request NNSA 22-00092-NC**
**Pit Production Plan and Master Schedule**

80.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

81.     On January 4, 2022, Plaintiff submitted its written FOIA Request to NNSA seeking three agency records:

> 1) The FY 2020 and FY 2021 Pit Production Plans of Triad National Security, LLC (Triad) for Los Alamos National Laboratory. For reference, the FY 2019 Pit Production Plan was received by our organization via FOIA 20-00089-M in June 2021 and is on our website here [https://lasg.org/MPF2/documents/LASGFOIA-PlanToProduce30PPY-LANL-LA-CP-19-20624_Sep2019.pdf]; and

2) the NNSA Integrated Master Schedule (NIMS) for FY 2021, as described in NNSA's "Assessment of the Pit Production at Los Alamos National Laboratory Plan, Report to Congress," May 2021, page 5, which we received via FOIA 21-00259-AG.

82.     On January 7, 2022, NNSA confirmed receipt of the FOIA Request and assigned a tracking number of NNSA 22-00092-NC.  NNSA denied the request for expedited processing. NNSA provided no estimated date of compliance.  NNSA stated it would not respond to the FOIA request within 20 working days.

83.     The statutory deadline for NNSA to provide a response to FOIA Request NNSA 22-00092-NC was February 2, 2022.

84.     The statutory deadline for the Forest Service to respond to Plaintiff's second FOIA passed on February 2, 2022 without NNSA providing a determination on the FOIA Request NNSA 22-00092-NC.

85.     As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA 22-00092-NC.

86.     NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

87.     All administrative remedies with respect to claims related to FOIA Request NNSA 22-00092-NC have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

88.     This claim can be remedied by an order compelling immediate release of the agency records described by FOIA Request, NNSA 22-00092-NC.

89.     The failure to respond to FOIA Request NNSA 22-00092-NC is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others

from timely accessing information required to know what the agency is up to with regard to

plutonium pit proposals.

## CLAIM FOUR
### December 20, 2021 FOIA Request NNSA-22-00080-LR
### FY 2021 LANL Waste Management Enduring Plan

90.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

91.     On December 20, 2021, Plaintiff submitted its written FOIA Request to NNSA

seeking a single agency record by providing the following description:

> The FY 2021 LANL Waste Management Enduring Plan (WMEP) mentioned on
> page 12 of the NNSA Assessment of the Pit Production at Los Alamos National
> Laboratory Plan, Report to Congress, May 2021.

Plaintiff's FOIA request recognized that the agency record might contain Unclassified

Controlled Nuclear Information. Plaintiff requested release of all non-exempt information

in the record.

92.     On December 28, 2021, NNSA confirmed receipt of the FOIA Request and

assigned a tracking number of NNSA-22-00080-LR.  NNSA denied the request for expedited

processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not

respond to the FOIA request within 20 working days.

93.     The statutory deadline for NNSA to provide a response to FOIA Request NNSA-

22-00080-LR was January 20, 2022.

94.     The statutory deadline for NNSA to respond to Plaintiff's FOIA request passed on

January 20, 2022 without NNSA providing a determination on the FOIA Request NNSA-22-

00080-LR.

95.     As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA-22-00080-LR.

96.     NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

97.     All administrative remedies with respect to claims related to FOIA Request NNSA-22-00080-LR have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

98.     This claim can be remedied by an order compelling immediate release of the agency records described by FOIA Request NNSA-22-00080-LR.

99.     The failure to respond to FOIA Request NNSA-22-00080-LR is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

## CLAIM FIVE
### December 20, 2021, FOIA Request NNSA-22-00079-LR, Plutonium Program Office, Program Management Plan

100.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

101.    On December 20, 2021 Plaintiff submitted its written FOIA Request to NNSA seeking a single agency record:

Any overarching Program Management Plan (PMP) to integrate project and programmatic activities under the direction of the Plutonium Program Office to satisfy the 30 pit per year production requirement. Such a plan was plan mentioned on page 6 of the NNSA Assessment of the Pit Production at Los Alamos National Laboratory Plan, Report to Congress, May 2021.

Plaintiff's FOIA request recognized that the record might contain Unclassified Controlled Nuclear Information. Plaintiff requested release of all non-exempt information in the record.

102.    On December 28, 2021, NNSA confirmed receipt of the FOIA Request and assigned a tracking number of NNSA-22-00079-LR.  NNSA denied the request for expedited processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not respond to the FOIA request within 20 working days.

103.    The statutory deadline for NNSA to provide a response to FOIA Request NNSA-22-00079-LR was January 20, 2022.

104.    The statutory deadline for NNSA to Plaintiff's second FOIA passed on January 20, 2022 without NNSA providing a determination on the FOIA Request NNSA-22-00079-LR.

105.    As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA-22-00079-LR.

106.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

107.    All administrative remedies with respect to claims related to FOIA Request NNSA-22-00079-LR have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

108.    This claim can be remedied by an order compelling the immediate release of the agency records described by FOIA Request NNSA-22-00079-LR (Program Management Plan).

109.    The failure to respond to FOIA Request NNSA-22-00079-LR is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others

from timely accessing information required to know what the agency is up to with regard to

plutonium pit proposals.

## CLAIM SIX
## October 27, 2021, FOIA Request NNSA 22-00014-R
## LANL Integrated Strategy

110.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

111.    On October 27, 2021, Plaintiff submitted its written FOIA Request to NNSA

seeking a single agency record, and potential successor agency records, by providing this

description:

1. Los Alamos National Laboratory (LANL) "Integrated Strategy," June 2020, and

2. Any successor document(s) of the same title, or in the same series."

Plaintiff's FOIA request recognized that the record might contain Unclassified Controlled

Nuclear Information. Plaintiff requested release of all non-exempt information in the

record.

112.    On November 3, 2021, NNSA confirmed receipt of the FOIA Request and

assigned a tracking number of NNSA 22-00014-R.  On November 9, 2021, NNSA denied the

request for expedited processing.  NNSA provided no estimated date of compliance.  NNSA

stated it would not respond to the FOIA request within 20 working days.

113.    The statutory deadline for NNSA to provide a determination on FOIA Request

NNSA 22-00014-R was November 26, 2021.

114.    The statutory deadline passed on November 26, 2021 without NNSA providing a

determination on the FOIA Request NNSA 22-00014-R.

115.    On January 3, 2022, Plaintiff provided NNSA with additional information that

further described the requested agency record and potential successor agency records:

1. "Integrated Strategy for Plutonium Missions at Los Alamos National Laboratory," June 2020, (referred to as the "LANL Integrated Strategy," June 2020). This document is referenced on page 2 of the NNSA's "Assessment of the Pit Production at Los Alamos National Laboratory Plan, Report to Congress" May 2021, which we received in our previous FOIA 21-00259-AG, dated June 30, 2021; and

2. Any successor document(s) of the same title, or in the same series.

116.    As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA 22-00014-R.

117.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

118.    All administrative remedies with respect to claims related to FOIA Request NNSA 22-00014-R have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

119.    This claim can be remedied by an order compelling the immediate release of the agency records described by to FOIA Request NNSA 22-00014-R.

120.    The failure to respond to FOIA Request NNSA 22-00014-R is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

**CLAIM SEVEN**
**June 30, 2021 NNSA 21-00259-AG**
**Assessment of the Pit Production at Los Alamos National Laboratory (LANL) Plan, Report to Congress, May 2021**

121.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

122.    On June 30, 2021, Plaintiff submitted its written FOIA Request to NNSA seeking

a single agency record:

> Assessment of the Pit Production at Los Alamos National Laboratory (LANL)
> Plan, Report to Congress, May 2021. Required by: Section 3120(c)(2) of the
> Fiscal Year (FY) 2019 National Defense Authorization Act (NDAA), which
> directed NNSA's Office of Cost Estimating and Program Evaluation (CEPE) to
> perform an independent assessment of the initial pit production plan to achieve a
> 30 pits per year (ppy) capability.

123.    On July 12, 2021, NNSA confirmed receipt of the FOIA Request and

assigned a tracking number of NNSA 21-00259-AG.  NNSA denied the request for

expedited processing.  NNSA provided no estimated date of compliance.  NNSA stated it

would not respond to the FOIA request within 20 working days.

124.    On December 9, 2021, NNSA released a single responsive record with redactions

pursuant to FOIA's Exemption 5 Deliberative Process Privilege.

125.    On March 4, 2022, Plaintiff filed an appeal with the Director of the Office of

Hearings and Appeals, HG-1 of the U.S. Department of Energy alleging that expedited

processing was improperly denied and that NNSA unlawfully withheld portions of the

responsive record under Exemption 5's Deliberative Process Privilege.

126.    On March 25, 2022, the Department of Energy issued the following response to

Plaintiff's appeal:

> On March 22, 2022, OHA confirmed that the DOE's National Nuclear Security
> Administration (NNSA), Office of General Counsel will withdraw its December 9, 2021,
> Determination which formed the basis for this Appeal. The NNSA will review the
> responsive document for further processing and will issue a new response letter.
> Accordingly, we are hereby dismissing, as moot, your FOIA appeal, OHA Case No. FIA-
> 22-0010.

127.    The statutory deadline for NNSA to provide a determination on FOIA Request

NNSA 21-00259-AG was July 29, 2022.

128.    The statutory deadline for NNSA to provide a determination on Plaintiff's FOIA request passed on July 19, 2022 without NNSA providing a determination on the FOIA Request NNSA 21-00259-AG.

129.    As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA 21-00259-AG.

130.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

131.    All administrative remedies with respect to claims related to FOIA Request NNSA 21-00259-AG have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

132.    This claim can be remedied by an order compelling immediate release of the agency records described by FOIA Request NNSA 21-00259-AG.

133.    The failure to respond to FOIA Request NNSA 21-00259-AG is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

## CLAIM EIGHT
### June 30, 2021, NNSA 21-00258-AG,
### Savannah River Critical Decision 1

134.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

135.    On June 30, 2021, Plaintiff submitted its written FOIA Request to NNSA seeking the following document package that NNSA maintains as a single agency record:

The entire Critical Decision 1 (CD-1) package for the recommended approach to produce at least 50 plutonium pits per year for the Savannah River Plutonium Processing Facility (SRPPF) project at the Savannah River Site, which was announced as approved in a June 28, 2021 press release by the Department of Energy's National Nuclear Security Administration (DOE/NNSA).

136.    On July 12, 2021, NNSA confirmed receipt of the FOIA Request and assigned a tracking number of NNSA 21-00258-AG.  NNSA denied the request for expedited processing. NNSA provided no estimated date of compliance.  NNSA stated it would not respond to the FOIA request within 20 working days.

137.    The statutory deadline for NNSA to provide a response to FOIA Request NNSA 21-00258-AG was July 29, 2021.

138.    The statutory deadline for NNSA to respond to Plaintiff's FOIA request passed on July 29, 2021 without NNSA providing a determination on the FOIA Request NNSA 21-00258-AG.

139.    As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with a determination or any agency records responsive to FOIA Request NNSA 21-00258-AG.

140.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

141.    All administrative remedies with respect to claims related to FOIA Request NNSA 21-00258-AG have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

142.    This claim can be remedied by an order compelling immediate release of the agency record described by FOIA Request NNSA 21-00258-AG.

143.    The failure to respond to FOIA Request NNSA 21-00258-AG is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group,

thereby preventing Plaintiff, its members, elected and unelected government officials, and others

from timely accessing information required to know what the agency is up to with regard to

plutonium pit proposals.

## CLAIM NINE
### April 30, 2021 FOIA Request NNSA 21-00202-AG
### LANL Critical Decision 1

144.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

145.    On April 30, 2021, Plaintiff submitted its written FOIA Request to NNSA,

seeking the following document package that NNSA maintains as a single agency record:

> The entire Critical Decision 1 (CD-1) package for the Los Alamos Plutonium Pit
> Production Project (LAP4) at Los Alamos National Laboratory (LANL) which
> was announced as approved in an April 28, 2021 press release by the Department
> of Energy's National Nuclear Security Administration (DOE/NNSA).

146.    On May 12, 2021, Defendant confirmed receipt of the FOIA Request and

assigned a tracking number of NNSA 21-00202-AG.  NNSA denied the request for expedited

processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not

respond to the FOIA request within 20 working days.

147.    The statutory deadline for NNSA to provide a determination on FOIA Request

NNSA 21-00202-AG was May 28, 2021.

148.    The statutory deadline for NNSA to respond to Plaintiff's second FOIA passed on

May 28, 2021 without NNSA providing a determination on the FOIA Request NNSA 21-00202-

AG.

149.    As of the date this Complaint was filed, NNSA has not provided Los Alamos

Study Group with determination or any agency records responsive to FOIA Request NNSA 21-

00202-AG.

150.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

151.    All administrative remedies with respect to claims related to FOIA Request NNSA 21-00202-AG have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

152.    This claim can be remedied by an order compelling immediate release of the agency record described by FOIA Request NNSA 21-00202-AG.

153.    The failure to respond to FOIA Request NNSA 21-00202-AG is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

### CLAIM TEN
### October 5, 2020, NNSA 21-00005-R
### NNSA Presentation Regarding Reused Pit Systems

154.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

155.    On October 5, 2020, Plaintiff submitted its written FOIA Request to NNSA seeking a single agency record, described as follows,

> A presentation mentioned in a September 2020 report by the Government Accountability Office (GAO), "NNSA Should Further Develop Cost, Schedule, and Risk Information for the W87-1 Warhead Program," GAO-20-703, page 36. It states as follows: "In 2013, NNSA documented its evaluation of the reuse concept against a newly manufactured W87 pit in a pit selection decision presentation. This presentation noted that a key element behind the selection of the W87-1 pit was its strong nuclear test base and that certification of a reused pit system without underground testing would present unknown risks."

156.    On October 13, 2020, NNSA confirmed receipt of the FOIA Request and assigned a tracking number of NNSA 21-00005-R.  On October 19, 2020, NNSA denied the request for

expedited processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not respond to the FOIA request within 20 working days.

157.    The statutory deadline for NNSA to provide a response to FOIA Request NNSA 21-00005-R was November 3, 2020.

158.    The statutory deadline for NNSA to respond to Plaintiff's FOIA request passed on November 3, 2020 without NNSA providing a determination on the FOIA Request NNSA 21-00005-R.

159.    As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA 21-00005-R.

160.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

161.    All administrative remedies with respect to claims related to FOIA Request NNSA 21-00005-R have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

162.    This claim can be remedied by an order compelling immediate release of the agency record described by FOIA Request NNSA 21-00005-R.

163.    The failure to respond to FOIA Request NNSA 21-00005-R is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

**CLAIM ELEVEN**
**September 17, 2020, NNSA 20-00239-M**
**Procurement for Offsite Lease Space for Approximately 500 Employees**

164.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

165.     On September 17, 2020, Plaintiff submitted its written FOIA Request to NNSA

seeking two agency records:

> 1) The procurement to "lease offsite space for about ~500 employees" in a "State
> of the Lab" presentation at slide #10 given by Los Alamos National Laboratory
> (LANL) Director Dr. Thom Mason before the New Mexico Radioactive and
> Hazardous Materials Committee on September 9, 2020; The slide presentation
> may be accessed at:
> https://www.nmlegis.gov/handouts/RHMC%20090920%20Item%201%20State%
> 20of%20the%20Lab%20-%202020%20LANL%20Update.pdf; and
>
> 2) Any and all documents used in support of, or justifying, this procurement.

166.     On September 23, 2020, NNSA confirmed receipt of the FOIA Request and

assigned a tracking number of NNSA 20-00239-M.  NNSA denied the request for expedited

processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not

respond to the FOIA request within 20 working days.

167.     The statutory deadline for NNSA to provide a response to FOIA Request NNSA

20-00239-M was October 19, 2020.

168.     The statutory deadline for NNSA to respond to Plaintiff's FOIA request passed on

October 19, 2020 without NNSA providing a determination on the FOIA Request NNSA 20-

00239-M.

169.     As of the date this Complaint was filed, NNSA has not provided Los Alamos

Study Group with determination or any agency records responsive to FOIA Request NNSA 20-

00239-M.

170.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no

lawful basis to withhold or redact the records Plaintiff requested.

171.    All administrative remedies with respect to claims related to FOIA Request

NNSA 20-00239-M have been exhausted by NNSA's failure to comply with FOIA deadlines. 5

U.S.C. § 552(a)(6)(C)(i).

172.    This claim can be remedied by an order compelling immediate release of the

agency records described by FOIA Request NNSA 20-00239-M.

173.    The failure to respond to FOIA Request NNSA 20-00239-M is part of NNSA's

pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group,

thereby preventing Plaintiff, its members, elected and unelected government officials, and others

from timely accessing information required to know what the agency is up to with regard to

plutonium pit proposals.

### CLAIM TWELVE
### September 17, 2020, NNSA 20-00238-DD,
### LANL's Plutonium Pit Production Expansion Proposal and Report

174.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

175.    On September 17, 2020, Plaintiff submitted its written FOIA Request to NNSA,

seeking two agency records:

1. A proposal by the Los Alamos National Laboratory (LANL) to meet the
National Nuclear Security Administration's (NNSA) mission for expanded
plutonium pit production at LANL; and

2. The plutonium pit production report that was submitted to Congress.

176.    The FOIA Request further stated, "[b]oth this proposal and report were

mentioned in an article published in the Los Alamos Reporter on July 13, 2020

(https://losalamosreporter.com/2020/07/13/house-appropriations-committee-wants-nnsa-to-submit-plans-schedules-for-pit-production/ - accessed 17 Sep 2020, 11:10am MST)."

177.    On September 28, 2020, Defendant confirmed receipt of the FOIA Request and assigned a tracking number of NNSA 20-00238-DD.  NNSA denied the request for expedited processing.  NNSA provided no estimated date of compliance.  NNSA stated it would not respond to the FOIA request within 20 working days.

178.    The statutory deadline for NNSA to provide a determination on FOIA Request NNSA 20-00238-DD was October 19, 2020.

179.    The statutory deadline for NNSA to respond to Plaintiff's second FOIA passed on October 19, 2020 without NNSA providing a determination on the FOIA Request NNSA 20-00238-DD.

180.    As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA 20-00238-DD.

181.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

182.    All administrative remedies with respect to claims related to FOIA Request NNSA 20-00238-DD have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

183.    This claim can be remedied by an order compelling the immediate release of the agency records described by to FOIA Request NNSA 20-00238-DD.

184.    The failure to respond to FOIA Request NNSA 20-00238-DD is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others

from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

**CLAIM THIRTEEN**
**February 7, 2020, NNSA 20-00090-KD**
**Performance Evaluation Reports and Memos**

185.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

186.    On February 7, 2020 Plaintiff submitted its written FOIA Request to NNSA, seeking four agency records, described as follows:

1. The entire National Nuclear Security Administration (NNSA) Fiscal Year (FY) 2019 Performance Evaluation Report (PER) for the evaluation period of October 1, 2018 - September 30, 2019 for the following NNSA sites:

> Kansas City National Security Campus, Honeywell Federal Manufacturing & Technologies, LLC;
> Lawrence Livermore National Laboratory, Lawrence Livermore National Security, LLC;
> Nevada National Security Site, Mission Support & Test Services, LLC (MSTS);
> Sandia National Laboratory (SNL),
> National Technology & Engineering Solutions of Sandia (NTESS); and
> Savannah River Site Office, Savannah River Nuclear Solutions, LLC (SRNS).

> The NNSA has only published FY2019 Performance Evaluation Summaries to date for each of the above sites.

2. The memoranda accompanying each of the FY2019 PERs for the sites listed above which explain the "Award Fee Determinations;"

3. The entire NNSA FY 2019 PER for the evaluation period of October 1, 2018 - September 30, 2019 for the NNSA Production Office (NPO) which consists of the Pantex Plant and Y-12 National Security Complex, operated under contract #DE-NAOOO1942 by Consolidated Nuclear Security, LLC (CNS); and

4. The memorandum which explains the "Award Fee Determination," accompanying the FY2019 PER for the NNSA's NPO (Pantex Plant and Y-12 National Security Complex), managed and operated by CNS.

187.    On February 24, 2020, NNSA did not confirm receipt of this FOIA request. A letter provided by NNSA in response to NNSA 20-00088-R referenced the control number for this FOIA request but did not provide any additional information. *See* Claim Fourteen. NNSA did not provide an estimated date of compliance.

188.    The statutory deadline for NNSA to provide a response to FOIA Request NNSA 20-00090-KD was March 9, 2020.

189.    The statutory deadline for NNSA to respond to Plaintiff's FOIA request passed on March 9, 2020, without NNSA providing a determination on the FOIA Request NNSA 20-00090-KD.

190.    As of the date this Complaint was filed, NNSA has not provided Los Alamos Study Group with determination or any agency records responsive to FOIA Request NNSA 20-00090-KD.

191.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no lawful basis to withhold or redact the records Plaintiff requested.

192.    All administrative remedies with respect to claims related to FOIA Request NNSA 20-00090-KD have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

193.    This claim can be remedied by an order compelling immediate release of the agency records described by FOIA Request NNSA 20-00090-KD.

194.    The failure to respond to FOIA Request NNSA 20-00090-KD is part of NNSA's pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group, thereby preventing Plaintiff, its members, elected and unelected government officials, and others from timely accessing information required to know what the agency is up to with regard to plutonium pit proposals.

**CLAIM FOURTEEN**
**February 7, 2020, NNSA 20-00088-R**
**2019 Performance Evaluation Report and Memo**

195.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

196.    On February 7, 2020, Plaintiff submitted its written FOIA Request to NNSA

seeking two agency records, described as follows:

1. The entire National Nuclear Security Administration (NNSA) Fiscal Year (FY)
2019 Performance Evaluation Report (PER) for Triad National Security, LLC
(Triad), under Contract #89233218CNA000001, for the evaluation period of
November 1, 2018 - September 30, 2019. The NNSA has only published a
FY2019 Performance Evaluation Summary to date; and

2. The memorandum accompanying the FY2019 PER which explains the
""Award Fee Determination.""

197.    On February 24, 2020, Plaintiff received an acknowledgment letter from NNSA.

The NNSA letter contained an incorrect date of submission of the FOIA request (December 19,

2019, instead of February 7, 2020). NNSA assigned a tracking number of NNSA 20-00088-R.

NNSA denied the request for expedited processing.  NNSA provided no estimated date of

compliance.  NNSA stated it would not respond to the FOIA request within 20 working days.

198.    NNSA's acknowledgment letter for FOIA Request NNSA 20-00088-R incorrectly

states that "FOIA 20-00090-KD is responsive to this request regarding Triad National Security,

LLC."  Instead, FOIA 20-00090-KD, dated February 7, 2020, requested the Performance

Evaluation Report for the evaluation period of October 1, 2018 - September 30, 2019 for specific

NNSA sites. FOIA 20-00090-KD is a separate and distinct request and is addressed in Claim

Thirteen.

199.    The statutory deadline for NNSA to provide a response to FOIA Request NNSA

20-00088-R was March 9, 2020.

200.    The statutory deadline for NNSA to respond to Plaintiff's FOIA request passed on

March 9, 2020 without NNSA providing a determination on the FOIA Request NNSA 20-00088-

R.

201.    As of the date this Complaint was filed, NNSA has not provided Los Alamos

Study Group with determination or any agency records responsive to FOIA Request NNSA 20-

00088-R.

202.    NNSA has no lawful basis under FOIA for its delay. NNSA has provided no

lawful basis to withhold or redact the records Plaintiff requested.

203.    All administrative remedies with respect to claims related to its FOIA requests

have been exhausted by NNSA's failure to comply with FOIA deadlines. 5 U.S.C. §

552(a)(6)(C)(i).

204.    This claim can be remedied by an order compelling immediate release of the

agency records described by FOIA Request NNSA 20-00088-R.

205.    The failure to respond to FOIA Request NNSA 20-00088-R is part of NNSA's

pattern, practice, and/or policy that avoids FOIA production sought by Los Alamos Study Group,

thereby preventing Plaintiff, its members, elected and unelected government officials, and others

from timely accessing information required to know what the agency is up to with regard to

plutonium pit proposals. The FOIA Request notified Defendant of Plaintiff's view that there is

no basis for a federal agency to withhold the requested materials as a whole, but did recognize

that some portions may be subject to a FOIA Exemption.

## CLAIM FIFTEEN
### FOIA Statutory Duties and Remedies *Common to All Requests*:
### Unlawfully Withholding Agency Records Responsive to FOIA Request

206.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

207.    For each FOIA request, NNSA improperly and unlawfully withheld records described by the FOIA request.

208.    For each FOIA Request, NNSA made a de facto withholding decision by not making a timely FOIA determination.

209.    NNSA does not contemporaneously create or maintain a privilege log or *Vaughn* index and does not contemporaneously document each element required to justify its FOIA withholding determinations.

210.    The NNSA has not asserted a lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records Plaintiff requested.

211.    All administrative remedies with respect to claims related to its FOIA requests, have been exhausted by NNSA's failure to comply with FOIA deadlines.  5 U.S.C. § 552(a)(6)(C)(i).

212.    Defendant NNSA is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore must make reasonable efforts to search for requested records upon a written request. 5 U.S.C. § 552(f)(1).

213.    Defendant has not communicated to Plaintiff the scope of the agency records they intend to produce and withhold in response to the FOIA Requests identified in this Complaint or their reasons for withholding agency records and has not disclosed to Plaintiff all records responsive to each FOIA Request.

214.    Defendant continues to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful FOIA determination. On information and belief, responsive agency records are being withheld due to unlawfully narrow search(es). 5 U.S.C. §§ 552(a)(3)(B)-(C).

215.    Defendant continues to violate FOIA by illegally withholding agency records that are responsive to each FOIA Request, but which Defendant has not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b).  FOIA's enumerated Exemptions provide the exclusive basis for an agency to withhold agency records.

216.    Plaintiff has a statutory right to the records it seeks, and there is no legal basis for Defendant to withhold any record without explicitly asserting and justifying the application of a FOIA Exemptions to the withheld record or portion thereof. *See* 5 U.S.C. § 552(b).

217.    Defendant continues to violate FOIA and unlawfully withhold records by not making responsive records "promptly available" to Plaintiff. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(C)(i).

218.    Defendant continues to violate FOIA by failing to release segregable nonexempt portions of agency records. 5 U.S.C. §§ 552(a)(8)(A), 552(b).

219.    Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

220.    At such time as appropriate, Plaintiff anticipates requesting entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of NNSA's arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

## CLAIM SIXTEEN

**Equitable Remedy of Repeated NNSA Violation of Freedom of Information Act Defendants' Policies, Patterns, and Practices Unlawfully Withhold Specifically-Identified Agency Records Requested by Plaintiff.**

221.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

222.    Defendant's individual FOIA violations are part of an NNSA pattern, practice and/or policy of not complying with FOIA's statutory requirements in a timely manner.

223.    This claim seeks equitable relief for procedural violations of FOIA, and is therefore judicially cognizable. *Payne Enters., Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988).  Equitable relief remains available even when a FOIA lawsuit seeking the release of documents would otherwise be moot by release of the agency records. *Id*. at 491.

224.    Federal agencies rarely formalize their pattern, practice, and/or policy that violates FOIA.

225.    NNSA's pattern, practice, and/or of violating Plaintiff's FOIA rights are supported by the facts and circumstances alleged in the individual claims above, which involve delayed access to agency records involving plutonium pit proposals and agency evaluations of contractor performance for the contractors that run NNSA's main nuclear weapons sites.

226.    The facts and circumstances alleged in the individual claims above support the allegation that NNSA has informally adopted policies, and/or taken deliberate actions, to delay or deny Plaintiff's prompt FOIA access to agency records involving plutonium pit proposals and contractor performance at NNSA's nuclear weapons sites.

227.    Defendant violates FOIA's deadline provisions by knowingly and deliberately understaffing its FOIA program by assigning the equivalent of ten full time employees to process approximately 250 FOIA requests per year.  Defendant's backlog of unprocessed FOIA requests

has increased since 2017. NNSA's backlog of unprocessed FOIA request submitted by Plaintiff
has increased since 2017.

228.    Defendant has a number of informal policies, patterns, and/or practices that
violate FOIA by illegally withholding agency records that are responsive to Plaintiff's FOIA
requests by delaying the processing of specifically-identified agency records involving
plutonium pits and contractor performance that are not subject to any FOIA withholding
provision. 5 U.S.C. § 552(b).

229.    Defendant has a number of informal policies, patterns, and/or practices that
violate FOIA by illegally withholding agency records that are responsive to Plaintiff's FOIA
requests by delaying the processing of specifically-identified agency records involving
plutonium pits and contractor performance that are subject, in full, to FOIA withholding
provision. 5 U.S.C. § 552(b).

230.    Defendant has a number of informal policies, patterns, and/or practices that
violate FOIA by illegally withholding agency records that are responsive to Plaintiff's FOIA
requests by delaying the processing of specifically-identified agency records involving
plutonium pits and contractor performance that are subject, in segregable part, to FOIA
withholding provision. 5 U.S.C. § 552(b).

231.    Plaintiff's interests and right to use FOIA to be timely informed of NNSA
activities regarding plutonium pit production proposals and contractor performance have been
harmed, and can be remedied by enjoining Defendant from taking any agency action that
irretrievably commits further resources to the subject matter of any of Plaintiff's pending FOIA
requests set forth in this Complaint until the responsive agency records are released.

232.    Plaintiff seeks equitable relief that ensures NNSA's activities are conducted with the benefit of public review and input regarding the information contained in the requested agency records.

233.    Plaintiff seeks equitable relief, in the form of an enforceable court order, that compels NNSA to provide Plaintiff with prompt access to agency records specifically identified by Plaintiff's future FOIA Requests, within FOIA-prescribed deadlines.  5 U.S.C. § 552(a)(4)(G) ("In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member.").

## REQUEST FOR RELIEF

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A.    Enter Findings and Declare that Defendants violated FOIA by unlawfully withholding agency records responsive to Plaintiff's FOIA Requests;

B.    Enter Findings and Declare that Defendant violated its duty to comply with FOIA's statutory deadlines for resolving each of Plaintiff's FOIA Requests;

C.    Enter Findings and Declare that Defendant violated its duty to comply with FOIA's statutory deadlines for resolving Plaintiff's FOIA Appeals;

D.    Direct by injunction that Defendant provide Plaintiff with a lawful determination on each FOIA Request identified in this Complaint by a date certain;

E.    Direct by order that Defendant conduct a lawful search for responsive records for each FOIA Request by a date certain;

F.      Direct by injunction that Defendants promptly provide all agency records responsive to each of Plaintiff's FOIA Requests that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

G.      Direct by order that Defendants provide Plaintiff with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

H.      Direct by order that Defendants provide Plaintiff with all responsive agency records in the form and format specified in each FOIA request, by a date certain within twenty working days of any such order;

I.      Enter findings and equitable relief, in the form of an enforceable court order, that compels Defendant to provide Plaintiff access to agency records specifically identified by Plaintiff's future FOIA Requests within FOIA-prescribed deadlines. *Payne Enters., Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988); 5 U.S.C. § 552(a)(4)(G) ("In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member.").

J.      Grant Plaintiff's cost of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

K.      Enter a finding that Defendants' conduct involves circumstances that raise questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and

L.      Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED April 6, 2022.

     */s/Travis Stills*
Travis Stills, D. D.C. Bar # CO0101
Energy & Conservation Law
227 E. 14th St. #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

     */s/Maya Kane*
Maya Kane, D. D.C. Bar # CO00089
Southwest Water and Property Law LLC
10 Town Plaza, No. 422
Durango, CO 81301
(970) 946-5419
mkane@swpropertylaw.com

*Attorneys for Plaintiff*